UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY E. CUNNINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:17-cv-1769 (TSC) |
| MYLAN PHARMACEUTICALS, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Amy E. Cunningham brings this action against her former employer, Mylan Pharmaceuticals, Inc. ("MPI"), alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (2000), and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a). Compl. p.1. MPI seeks partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that some of Cunningham's claims are time barred. ECF No. 29, Def. Mot. to Dismiss. For the reasons set forth below, the court will DENY the motion and permit Cunningham to amend her Complaint.

### I. BACKGROUND

MPI hired Cunningham in April 2010 as "Director of ARV Business Development," which involved managing MPI's "business development and commercial portfolio" of antiretroviral drugs in Africa. Compl. ¶ 5. Her office was based in Tanzania, where she lived during her employment.[1] *Id.* ¶ 10. Cunningham asserts that from the beginning of her

---

[1] Cunningham originally filed her complaint in Virginia, where she now resides, but MPI filed a motion to dismiss due to lack of jurisdiction and improper venue. ECF No. 4. The Virginia

1

employment, her India-based male co-workers and managers subjected her to discrimination. *Id.*
¶ 12. Specifically, she claims she was "pigeonholed in a narrow role by her male supervisors"
and "was never permitted to advance in management," thereby impeding her professional
development. *Id.* ¶ 11. Although Cunningham considered accepting a position with the United
States Agency for International Development in 2011, she was encouraged to remain at MPI by
two female MPI executives, who promised her a new reporting structure in which she would be
allowed to take on additional responsibilities. *Id.* ¶¶ 12-15.

Cunningham claims that despite these promises, she continued to suffer gender and age-based discrimination. She provides various examples of MPI employees failing to give her credit for her work and failing to provide her with opportunities for assuming greater responsibility. *Id.* ¶¶ 18, 24-27. On one occasion, despite promises that Cunningham would receive "supervisory responsibility over the commercial activity in Africa," MPI awarded a supervisory position to one of her male Indian co-workers. *Id.* ¶ 18. On another occasion, after Cunningham requested more responsibility, her supervisor replied, "you are over 50 years old; why are you so keen to take more on - just relax and don't work so hard?" *Id.* ¶ 43. Cunningham contends that this statement reflected the "general sentiment" among MPI's male supervisors that older foreign women "should not take on senior positions in the India structure or in the Africa" region. *Id*. ¶ 44. Cunningham also alleges that her recommendations on projects or for improving system operations "were almost always ignored," and that junior male co-workers were given responsibility for implementing projects that she masterminded. *Id*. ¶¶ 25-26.

---

court denied the motion to dismiss and instead transferred the case to the District of Columbia, which her contract designates as her "home location" and where MPI maintains an office. ECF Nos. 18, 21; Compl. ¶ 4; ECF No. 14 p. 6.

Cunningham also contends that MPI excluded her from important meetings, withheld important information from her, and undermined her work. Although she communicated with her managers on a weekly basis, on one occasion she met a new high level MPI executive and discovered that "the guys '(her Indian managers)'" had falsely informed the executive that they did not know what she did and had not heard from her in months. *Id*. ¶ 23. MPI did not acknowledge her weekly reports, nor did it acknowledge her requests to receive her team members' trip reports. *Id.* ¶¶ 28, 35. Although Cunningham traveled to other African countries up to fifteen times per year, she "received little or no guidance on planning and no feedback or acknowledgment upon submitting her trip reports." *Id*. ¶ 28. Cunningham asserts that she was "routinely" shut out "as a contributing member" of her unit, "consistently left . . . off e-mails and excluded . . . from meetings." *Id*. ¶ 22. Her supervisors "frequently neglected" to tell her when other team members were visiting African countries over which she had responsibility. *Id*. ¶ 23. Even though Cunningham and a male co-worker were to jointly supervise various operations in Africa, she was "never allowed joint planning or joint discussions on overall work." *Id.* ¶ 27. Moreover, she was "not apprised of information regarding new product launches" and her direct supervisor "provided no guidance or feedback on her work." *Id*. ¶¶ 24, 27. Indeed, she did not receive a written performance evaluation for five years. *Id*. ¶ 29.

Cunningham claims that MPI terminated her in July 2016 because of a "cultural bias against female leaders." *Id.* ¶¶ 20, 39. She filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 26, 2016, in which she alleged discrimination based on sex and age. *Id*. ¶ 48; Defs. Ex. A.

## II.     LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when it alleges sufficient facts to permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). When considering a defendant's motion to dismiss for failure to state a claim, "the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Ahuja v. Detica, Inc.*, 742 F. Supp. 2d 96, 102 (D.D.C. 2010) (citation omitted). [2]

## III.     DISCUSSION

A plaintiff bringing a claim under Title VII must first file a charge with the EEOC either 180 or 300 days "after the alleged unlawful employment practice occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). The 180-day deadline is extended to 300 calendar days if a state or local agency prohibits employment discrimination on the same basis as Title VII. *See Greer v. Bd. of Trs. of Univ. of D.C.*, 113 F. Supp. 3d 297, 306–07, 307 n.7 (D.D.C. 2015) (citation omitted). Because the District of Columbia does have such an employment discrimination law, the applicable

---

[2]  Both parties cite to Cunningham's EEOC charge. Because Cunningham references the EEOC charge in her Complaint, the court may consider the charge without converting MPI's motion to dismiss into a motion for summary judgment. *See Hudson v. Children's Nat'l Med. Ctr.*, 645 F. Supp. 2d 1, 5 n.5 (D.D.C. 2009) (citation omitted).

4

limitations period here is 300 days.  *See id.*; D.C. Code § 2-1401.01 *et seq*.

MPI seeks dismissal of all of Cunningham's sex discrimination claims occurring before October 31, 2015 (i.e., more than 300 days prior to the filing of Cunningham's August 26, 2016 EEOC charge).  Cunningham responds that MPI's conduct amounted to a hostile work environment and, because some conduct occurred within the 300-day limitations period, her claims involving conduct that occurred before October 31 are not time-barred.  ECF No. 31, Pl. Resp.

MPI counters that Cunningham's pre-October 31, 2015 allegations describe a series of discrete and isolated incidents which do not rise to the level of a hostile work environment claim, and point to the fact that Cunningham did not use the term "hostile environment" in her EEOC charge or her Complaint.  The court finds MPI's arguments unpersuasive.

**A. Timeliness**

While the Supreme Court has held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," it has also made clear that "hostile work environment claims are different in kind from discrete acts" because "[t]heir very nature involves repeated conduct."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 115 (2002) (citation omitted).  "A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice."  *Id.* at 117 (internal quotations and citation omitted).  "Accordingly, hostile work environment claims are subject to a different limitations rule": if "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."  *Singletary v. D.C.*, 351 F.3d 519, 526–27 (D.C. Cir. 2003)

5

(citation omitted), *rev'd on other grounds*, 351 F.3d 519 (D.C. Cir. 2003).

The D.C. Circuit has cautioned, however, that this rule does not create "an open sesame to recovery for time-barred violations." *Baird v. Gotbaum*, 662 F.3d 1246, 1251 (D.C. Cir. 2011). "Both incidents barred by the statute of limitations and ones not barred can qualify as part of the same actionable hostile environment claim only if they are adequately linked into a coherent hostile environment claim—if, for example, they 'involve the same type of employment actions, occur relatively frequently, and are perpetrated by the same managers.'" *Id.* (alterations omitted) (quoting *Morgan*, 536 U.S. at 120–21).

To establish a hostile work environment claim, a plaintiff must show that she "was subjected to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'" *Ayissi–Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013) (internal quotations and citations omitted). In evaluating a harassment claim, courts look "to the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, its offensiveness, and whether it interferes with an employee's work performance." *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (citation omitted). If Cunningham alleges facts sufficient to support a hostile environment claim, and at least one instance of the alleged conduct occurred with the limitations period (i.e., after October 31, 2015), then her claims will not be time-barred.

Cunningham has established that at least one instance of alleged misconduct—her termination—occurred after October 31, 2015, and she has sufficiently pled allegations which would support a claim of hostile work environment. She alleges that over a five-year period, MPI managers repeatedly discriminated against her by, *inter alia*, failing to: 1) give her credit for

her work, 2) give her proper supervisory authority over her subordinates, 3) notify her about important meetings, 4) notify her about antiretroviral product releases relating to her area of coverage, 5) include her in management planning discussions, 6) respond to her communications, 7) provide guidance and feedback relating to business projects and travel outside her home base, and 8) provide her with written evaluations. These allegations of discriminatory conduct—touching on all areas of Cunningham's employment—were logically related, involved similar types of conduct, occurred repeatedly, and were perpetrated by the same managers. Moreover, the allegations are sufficient to support a finding that she was subjected to discriminatory conduct "sufficiently severe or pervasive to alter the conditions of [her] employment." *Ayissi–Etoh*, 712 F.3d at 577 (citation omitted).

**B. Failure to Exhaust**

The court is also unpersuaded by MPI's argument that Cunningham failed to exhaust her administrative remedies with respect to her hostile work environment claim because she did not mark the corresponding box for hostile work environment on her EEOC charge, and did not use the words "hostile work environment" in her Complaint. These facts do not automatically preclude her from going forward with her claim.

The primary purpose of the exhaustion requirement is to provide the EEOC and defendants with sufficient notice to begin the investigative process. *See Peters v. D.C.*, 873 F. Supp. 2d 158, 182 (D.D.C. 2012). Therefore, the exhaustion requirement "should not be construed to place a heavy technical burden on individuals untrained in negotiating procedural labyrinths." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (citations and internal quotation marks omitted). Because exhaustion is not "a mere technicality," however, a plaintiff's claims in her subsequent Title VII suit are "limited in scope to claims that are like or reasonably

7

related to the allegations of the charge and growing out of such allegations." *Id*. at 907 (citation and internal quotations omitted). Applying this rule, the D.C. Circuit found in *Park v. Howard*, 71 F.3d 904, 907 (D.C. Cir. 1995), that a plaintiff had not exhausted her administrative remedies because her EEOC charge failed to mention a hostile work environment and, more importantly, the charge lacked "any factual allegations supporting such a claim."

In contrast, the allegations in Cunningham's EEOC charge satisfy the exhaustion requirement because she consistently used terminology that indicated the alleged discrimination was pervasive and ongoing. For example, Cunningham asserted that:

- "During my entire time at Mylan in Tanzania I was pigeonholed in a narrow role by my male supervisors stationed in India. I was never permitted to advance in management and hindered in pursuit of professional growth." Defs. Ex. A ¶ 5.

- "Messrs. Deshpande and Kanda routinely shut me out as a contributing member of the unit. Both consistently left me off-emails and excluded me from meetings. . . . I attended such meetings only when I happen [sic] to learned of them through other means." *Id*. ¶10.

- "My recommendations on expanding business and improving systems and operations were almost always ignored, yet later adopted with no recognition of my input or leadership. . . ." *Id*. ¶ 13.

- "My direct supervisor in India virtually <u>never</u> responded to my e-mails. . . .   Mr. P. Deshpande never allowed joint planning or joint discussions on overall work in Africa." *Id.* ¶ 15.

These allegations were sufficient to put MPI and the EEOC on notice that Cunningham was claiming persistent discriminatory conduct, even though she did not "check the box" for hostile work environment. *See Seed v. Pruitt*, 246 F. Supp. 3d 251, 255–56 (D.D.C. 2017) (noting that "plaintiffs need not use any magic words in a charge much less the specific term 'hostile work environment'") (citation and some internal quotation marks omitted).

Likewise, although Cunningham does not use the term "hostile work environment" in her

Complaint, her allegations are consistent with those asserted in her EEOC charge:

- "During her entire tenure at Mylan [she] was pigeonholed. . . ." Compl. ¶ 11.

- "Ms. Cunningham faced discrimination by her male Indian colleagues since commencing employment in 2010." *Id*. ¶ 12.

- "As will be explained below, Ms. Cunningham was terminated . . . because cultural bias against female leaders by her male Indian managers in the global unit ensured that she was never supported in her work and denied credit for her numerous commercial accomplishments." *Id*. ¶ 20.

A plaintiff's claims in her Title VII suit are "limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Park*, 71 F.3d at 907 (citation and internal quotation marks omitted). A review of both the EEOC charge and the Complaint indicate that Cunningham has met this standard.

### IV. CONCLUSION

For the reasons set forth above, the court will DENY MPI's motion for partial dismissal and allow Cunningham to amend her complaint to explicitly assert a hostile work environment claim.

Date: September 29, 2018

                                               TANYA S. CHUTKAN
                                               United States District Judge